**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Theresa Brown

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROWN, | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | **1. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681,** *et seq.* **("FCRA")** |
| FREEDOM MORTGAGE CORPORATION, | |
| Defendant. | **JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//
//

- 1 -
COMPLAINT

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Plaintiff THERESA BROWN ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant FREEDOM MORTGAGE CORPORATION ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional.

6. Unless otherwise indicated, the use of a defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named defendant.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under federal question pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as the events that give rise to this action occurred within the City of Huntington Beach, California, which is within this judicial district.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Chino, County of San Bernardino, State of California.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

14. Defendant is a New Jersey corporation that regularly does business in the State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant impermissibly acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

## STATUTORY BACKGROUND

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

17. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here

is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

21. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

**FACTUAL ALLEGATIONS**

22. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

23. At all times relevant, Defendant conducted business within the State of California.

24. Plaintiff did not sign any paperwork with Defendant or otherwise expressly authorize Defendant to access her credit reports; nor did Plaintiff have a business or credit relationship with Defendant.

25. Plaintiff learned that on or around March 25, 2022, Defendant made unauthorized inquiries and accessed Plaintiff's credit information through Equifax Information Services, LLC, Experian Information Solutions, Inc. and TransUnion, LLC without Plaintiff's consent.

26. Plaintiff did not give Defendant any consent – verbal, written or otherwise – authorizing Defendant or any of these lenders to access her credit report.

27. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

28. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

29. Through this conduct, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report without consent and for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

30. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

31. As a result of Defendant's illegal actions, Plaintiff has suffered an invasion of privacy, Plaintiff's credit reputation has been tarnished, and Plaintiff's credit score was lowered because of the credit inquiries initiated by Defendant.

32. Due to Defendant's actions, Plaintiff has also suffered actual damages in the form of mental anguish type damages which manifested in several symptoms including but not limited to stress, anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting Plaintiff's daily life, work, and personal relationships.

//
//
//
//

# CAUSE OF ACTION

# COUNT I

# VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

# 15 U.S.C. §§ 1681, ET SEQ.

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

34. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

35. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

36. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against

Defendant for each incident of negligent noncompliance of the FCRA; and

- Any and all other relief that this Court may deem just and proper.

## TRIAL BY JURY

37. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: June 15, 2022      Respectfully submitted,

            **KAZEROUNI LAW GROUP, APC**

            By: s/ Mona Amini
               DAVID J. MCGLOTHLIN, ESQ.
               MONA AMINI, ESQ.

               *Attorneys for Plaintiff*